# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **JC MORRIS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:12cv675-RAS-DDB** |
| | § | |
| **CITIMORTGAGE, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant CitiMortgage, Inc.'s Motion to Dismiss Plaintiff's Original Complaint (Dkt. 5). As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about March 21, 2008, Plaintiff JC Morris and his wife, purchased real property located at 3004 Groveland Terrace, Denton, Texas 76210 (the "Property"). *See* Dkt. 2 at ¶6. Plaintiff alleges that he has not conveyed his interest in the Property to any third party, and alleges that Defendant CitiMortgage is not the original mortgagee or the original mortgage servicer for the Property. *Id.* Plaintiff alleges that on or about February 8, 2011 CitiMortgage recorded an Assignment of Mortgage in the real property records of Denton County, Texas. *Id.* at ¶ 7. According to Plaintiff, Defendant CitiMortgage intended to foreclose on the Property on October 2, 2012.

As a result, on or about October 1, 2012, Plaintiff filed suit in the 362nd Judicial District of Denton County, which was later removed to this Court on October 24, 2012. *See* Dkt. 1.

1

Plaintiff's original state court petition, the live pleading in this action, is a suit to quiet title. *See* Dkt. 2. Plaintiff also seeks a temporary restraining order and permanent injunctive relief.

Defendant has filed a motion to dismiss, seeking to dismiss Plaintiff's claims. Defendant makes the following arguments: (1) Plaintiff lacks standing to challenge the assignment of the mortgage; (2) Plaintiff has failed to state a claim for suit to quiet title; and (3) Plaintiff has failed to state a valid cause of action and therefore injunctive relief is an inappropriate remedy. Plaintiff has filed a response in opposition.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."

2

*Id.* at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted).

## ANALYSIS

In this case, Plaintiff challenges Defendant's authority to foreclose on the Property and brings a single claim seeking to quiet title. "[A] suit to quiet title "is an equitable action that involves *clearing* a title of an invalid charge against the title." *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012) (citing *Longoria v. Lasater,* 292 S.W.3d 156, 165 n. 7 (Tex. App.– San Antonio 2009, pet denied) (quoting *A.I. C. Mgt. v. Crews,* 2005 WL 267667, at *3 n. 8 (Tex. App.– Houston [1st Dist.] 2005), *rev'd on other grounds,* 246 S.W.3d 640 (Tex. 2008)) (emphasis in original)). In order to succeed on his quiet title action, Plaintiff must show that: (1) he has an interest in the Property, (2) title to the Property is affected by a claim by Defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at *4 (N.D. Tex. 2012) (*citing Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App. – Texarkana 1991, writ denied)); *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, *3 (Tex. App.– Houston

[1st Dist.] 2011, no pet.) (citations omitted). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). Texas courts have made a plaintiff's burden in a suit to quiet title very clear:

> In a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. That is, the plaintiff must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.

*Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied) (internal citations omitted). *See also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title.").

The Court agrees with Defendant that Plaintiff has failed to state facts that would show how he has superior title and right of ownership. In support of his claim, Plaintiff has challenged the assignment of the mortgage to Defendant. Courts in this Circuit have routinely rejected borrowers' challenges to the assignment of a note or deed of trust. *See Martins v. BAC Home Loans Serv., L.P.*, 2013 WL 1777487, 2 (5th Cir. 2013) ("Numerous district courts have addressed this question, and each one to analyze Texas law has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable."); *Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (*citing Athey v. MERS*, 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex.

2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also*

*Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010); *Wiggington v. Bank of*

*New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011); *DeFranchesci v. Wells Fargo Bank,*

*N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011). Specifically as to challenges of assignments from

MERS to which the borrower was a non-party, courts have consistently held that a borrower does

not have standing. *Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011);

*Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *5 (N.D. Tex. 2011); *McAllister v.*

*BAC Home Loans Servicing, LP,* 2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom*

*Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011) *Schieroni v. Deutsche Bank National*

*Trust Company*, 2011 WL 3652194 (S.D. Tex. 2011).

Here, there are insufficient facts alleged that would show that Plaintiff has a superior right

to the Property based on Defendant's purported lack of authority to foreclose. Indeed, the documents

attached to Plaintiff's complaint appear to establish Defendant Citimortgage's authority to foreclose.

Plaintiff has attached a January 24, 2011 "Assignment of Mortgage" which reads:

> That MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware
> corporation, as nominee for COMMUNITY FIRST BANK ... does hereby grant,
> bargain, sell, assign, transfer and set over unto CitiMortgage, Inc. ..., hereby
> designated as the Assignee, that certain mortgage executed by JC MORRIS and
> LOUVEDA MORRIS, dated March 21, 2008, filed 6/9/08.

Dkt. 2 at 15.

Critical to the Court's analysis here is that – as noted by Defendant – no facts are alleged in

Plaintiff's complaint that Plaintiff is current on his loan payments and not in default such that

Plaintiff would have an interest in the Property *superior* to any lienholder seeking to foreclose. As

the Court has already noted, "[a] plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *See also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.). Without specifying how he has superior title, Plaintiff has stated insufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As such, his quiet title action should be dismissed. *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012).[1]

## RECOMMENDATION

Therefore, having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal, the Court recommends that Defendant CitiMortgage, Inc.'s Motion to Dismiss (Dkt. 5) be GRANTED and that Plaintiff's claims be dismissed with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or

---

[1]The court's holding in *Cruz* is directly on point. "Plaintiffs, however, do not allege that they were current on their mortgage loan payments at the time of the nonjudicial foreclosure sale of the property in July 2011. Moreover, Plaintiffs' contention that the assignment to CitiMortgage is invalid is based on standing and a split-the-note theories already rejected by the court. Thus, Plaintiffs have not alleged facts, which if proven, would establish their superior title or the alleged invalidity of CitiMortgage's title. Plaintiffs have therefore failed to state a claim for trespass to try and quiet title upon which relief can be granted." *Cruz*, 2012 WL 1836095 at 4.

adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 24th day of May, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE